

FILED BY_____D.C.

SEP 2 5 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CIVIL DIVISION

### 42 U.S. Code § 1983

### Injunctive Relief

Annette Cave

**Plaintiff**

v.


Honorable Judge Barry Stone, Individually and in his Official capacity as a Senior

Judge in the 17th Judicial Circuit Court

&

Honorable Chief Judge Jack Tuter on behalf of the Honorable Judge Joel T.

Lazarus, Individually and his Official Capacity as the Chief Judge in the 17th

Judicial Circuit Court

&

Honorable Judge Jill K. Levy, Individually and in her Official Capacity as a
County Court Judge in the 17th Judicial Circuit

&

Honorable Judge Michael J. Lynch, Individually and his Official Capacity

**Defendant(s)**

## VERIFIED COMPLAINT

COMES NOW, PLAINTIFF, Annette Cave, a natural person who is pro se
and complains against the above named Judges in the 17th Judicial Circuit in and
for Broward County, Florida and states as follows:

## STATEMENT OF THE CLAIM

1.   Plaintiff brings this suit for injunctive relief pursuant to 42 U.S. Code § 1983

for violations of certain protections guaranteed to her by the 1st, 4th, 5th, 6th, &

14th Amendments of the United States Constitution. And for the continuing

violations of the Fifth and Fourteenth Amendments of the United States

Constitution. This suit asks for Relief on all orders made in violation of the Law,

that Due Process of Law be allowed and any other relief this court deems just and

proper.

## 2.                          PRELIMINARY STATEMENT

There is an open case pending in this court before Judge Cooke, see case
no:19-cv-61777. The statute of limitations on the state court judgement expires on
September 28th, 2020.

This lawsuit is being brought forth because the Plaintiff has been illegally, and
unconstitutionally prosecuted for over two and a half years and justice has been
continually denied due to orders which are unconstitutional and a judgement which
is void as a matter of law. Amongst another more recent continual constitutional
violation, which places Cave back in double jeopardy, which is prohibited by the
5th amendment of the United States Constitution.

A miscarriage of justice has occured before Judge Levy in the misdeameor case
and Cave appealed in the 17th circuit who affirmed after almost two years of
delays without jurisdiction and the criminal appellee was an alias. Justice has been
denied and the State has failed to correct nor has any party offered to settle this
matter on their own accord.

The final consent judgement has been violated, because instead of Cave being
indemnified, she was illegally prosecuted. Cave made a claim on the note and the
judicial decree is violated and any relief has been made unavailable in the State
court due to Judge Stone's order that is repugnant to the U.S. Constitution and
therefore void as a matter of law.

## JURISDICTION

**3.** Jurisdiction is proper pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution. Federal questions arise under Title 28 U.S.C. §1331 and 1343 based on 42 U.S.C. §1983. Supplemental Jurisdiction exists over State law claims pursuant to 28 U.S.C. §1367.

## VENUE

**4.** Venue is proper pursuant to Title 28 U.S.C. §1391(b)(2) because all or most of the events giving rise to this action occurred in Broward County, Florida.

## PARTIES

**5. Plaintiff, Annette Cave,** is a natural person residing in Broward County. With a designated email address : divinewillpublishing@gmail.com

1121 S. Military Trail #235
Deerfield Bch FL 33442

**6. Defendant, Honorable Judge Jill K. Levy,** Individually and in her Official Capacity as a County Court Judge in the 17th Judicial Circuit with an address of: 201 SE 6th Street, Fort Lauderdale, FL 33301, Chamber: WW6125. At all times, Judge Jill K. Levy was acting under the color of state law.

**7. Defendant, Honorable Judge Barry Stone,** Individually and in his Official capacity as a Senior Judge in the 17th Judicial Circuit Court with an address of: 201 SE 6th Street, Fort Lauderdale, FL 33301 - Chamber: WW9125. At all times relevant Judge Barry Stone was acting under the color of state law.

**8.  Defendant, Honorable Chief Judge Jack Tuter on behalf of the Honorable Judge Joel T. Lazarus,** Individually and his Official Capacity as the Chief Judge in the 17th Judicial Circuit Court with an address of : 201 SE 6th Street, Fort Lauderdale, FL 33301- Chamber: 20170. At all times relevant Chief Judge Jack Tuter was acting under the color of state law.

**9. Defendant, Honorable Judge Michael J. Lynch,** Individually and his Official Capacity with an address of : 201 SE 6th Street, Fort Lauderdale, FL 33301- Chamber: NW6760. At all times relevant, Judge Michael J. Lynch was acting under the color of state law.

## STATEMENT OF THE CASE

**10.** On or about September 28th, 2016, Judge Lazarus signed a final consent

Judgement of foreclosure in civil case no: 2015-020223, Instrument # 114627037

and this decree has been violated see paragraph 10.


**11.** The court lacked subject matter jurisdiction. The Plaintiff's mortgage was

previously discharged and the case dismissed in March of 2013. See Instrument

#114365563. The 17th Judicial Circuit acted in excess of its jurisdiction.


**12.** U.S. Bank National Association, as trustee lacked standing to bring this case,

the trustee was inactive and Banc of America funding Corporation 2008-FT-1 was

decedent and insolvent.


**13.** This court lacked personal jurisdiction over the Plaintiff, Annette Cave because

she was intentionally not served. Service by publication did not meet the statutory

standards. Pursuant to the Florida statute 49.021 service by publication may only

be had ... "where personal service of process under 48.194 cannot be had".

*Emphasis added* See *Taylor v. Lopez,* 358 So.2d 69 (Fla. 3rd DCA 1978) (holding

that Florida Statutes 49.021 only authorizes publication when the plaintiff cannot effect personal service on a defendant.

**14.** This initial filing of case no: 2015-020223, was filed in November of 2015, by the Law Offices of Shapiro, Fishman & Gache LLP., who pretended to represent the U.S. Bank National Association as trustee, when they were the real trustee and the Plaintiff recently discovered this fact earlier this year. **(See Notice of Lis Pendens, in Broward County Instrument No: 113347017)**

**15.** On or about November 28th, 2017, Judge Lazarus was duped into signing a fraudulently procured void order for a writ of possession to the U.S. Bank as the fake trustee with a slightly different name then the original Plaintiff in case no: 2015-020223, against Vincent Clancy, who had previously vacated the subject property at the end of June in 2017 and on that same day Judge Lazarus granted a hearing to the Plaintiff which was scheduled for December 7th, 2017.

**16.** On December 5th, 2017, Cave filed her Declaratory paperwork as the rightful owner of the subject property, also attached was her UCC Financial Statement in both Broward County Commission and copies were filed in the 2015 case.

**17.** On December 6th, 2017, Shapiro, Fishman & Gache LLP, in the tampa office sent a Sheriff to Cave's home who was looking for Vincent Clancy, this Sheriff was told Vincent Clancy moved out in June of 2017 and then he was shown Cave's paperwork and he was asked if he needed a copy and he said: "NO", he never posted anything either.

**18.** On December 7th, 2017, there was a hearing before Judge Lazarus and Cave announced her rightful ownership.  Cave lost at that hearing because her attorney colluded with Shapiro, Fishman & Gache LLP., and violated F.S.55.071.

**19.** On December, 14th, 2017, Judge Lazarus granted Cave 30 days after her lawyer sold his interest out to Shapiro, Fishman & Gache LLP., to seek new counsel.

**20.**  On Jan 3rd, 2018, prior to the 30 days, the Plaintiff was unlawfully arrested by a process server with the aid of two locksmiths on the fraudulently procured void order, the writ which did not bear Cave's name and in violation of the 4th, 5th and 14th amendment of the U.S. Constitution.

**21.** Cave followed the law and set a hearing before Judge Rodriguez who alleged

no jurisdiction on January 22nd, 2018, after he gave Cave the right to intervene on

or about November 1st, 2017, because Cave paid the back HOA fees, except the

attorneys wanted double the amount and before the sunset that obviously happened

and were paid off, and those attorneys filed a motion for a hearing against Vincent

Clancy on the writ on behalf of Shapiro, Fishman & Gache LLP., against Vincent

Clancy who previously vacated at the end of June in 2017.

**22.** Four days prior to the January 22nd 2018 hearing, all of Cave's personal

property was stolen and or destroyed. Cave is seeking relief in the other pending

case before Judge Cooke.

**23.** On January 23rd, 2018, the Honorable Judge Lazarus had the decency, morals

and ethics to claim that he had NO JURISDICTION over Ms. Cave and recused

himself. If a court is without jurisdiction its orders are VOID.

**24.** The Plaintiff has been illegally and unconstitutionally, prosecuted in the

criminal division for over two and half years in two criminal cases simultaneously .

**25.** Cave filed an appeal after the first misdemeanor case which continued the misscarriage of justice and the criminal appellee is noted as an alias. The appellate court was acting in excess of their jurisdiction pursuant to F.S. 26.012(1)(a).

**26.** No Judge in the 17th circuit would void and vacate Judge Lazarus void order while the criminal cases continued on.

**27.** Cave was in lawful possession as the secured party creditor and had a perfected security interest at the time of the initial arrests and Title is immaterial under the Florida Statutes and the Uniform Commercial Codes.

**28.** Broward County is a subdivision of the State of Florida and is self insured and acts under their own home court rules and with total disregard for the Florida Statutes, the Florida Constitution and United States Constitution as applied to Cave.

## I.    CHIEF JUDGE JACK TUTER

**29.** It took the Chief Judge Jack Tuter until March of 2018, to confirm Judge
Lazarus's admission of " No Jurisdiction" with full knowledge there were criminal
cases pending.  Cave filed motions with the Chief after Judge Lazarus claimed no
jurisdiction.

**30.** The Chief then assigned Judge Stone, who had no more jurisdiction than Judge
Lazarus. Judge Stone signed an order to prohibit the Plaintiff from filing any
further post judgement motions in the case. Anything Cave filed would have been
post judgement because she was not notified of any hearings until January of 2017.
Judge Stone denied Cave her constitutional right to redress, while the criminal
division continued on with their fraudulent prosecutions and arrested the Plaintiff
two more times afterwards which all which were derived by the original
fraudulently procured judgement and the void orders.

**31.** Furthermore, Cave kept the Chief Judge abreast of the situation in the
misdemeanor case during the appeal via emails.

**32.** During this whole time, the Chief has failed to intervene and stop the fictitious fraudulent criminal cases and allowed Cave to be arrested with total disregard for any of her constitutional rights. Cave was informed early on that the Chief had the power to stop these actions in the criminal division.

**33.** Cave seeks injunctive relief to insure justice is properly administered.

## II.   JUDGE STONE

**34.** Judge Stone signed numerous orders denying motions without having any hearings. He violated Cave's rights to due process in the 5th and 14th amendment and Article 1, section 9 and 21 of the Florida Constitution.

**35.** Judge Stone signed an order on or about March 8th, 2018 in the same case no: 2015-020223,  to block Cave from filing any further motions in the civil case while the criminal division was prosecuting Cave in two cases simultaneously in the same court. This order signed by Judge Stone violates Cave's rights in the 1st, 5th

and 14th amendments of the U.S. Constitution, and also this order violates Article 1 Section 21 of the Florida Constitution. And all of the denied motions without a hearing have violated section 12 of the Florida Constitution and the due process clause in the 14th amendment of the United States Constitution.

**36.** This order has previously been used to deny Cave her rights to redress and seek relief in open case no: 19-cv-61777 Cooke/Hunt.

### III.    JUDGE LEVY

**37.** Judge Levy was acting *Ultra Vires* , See Florida Statute 34.01 (1)(c) , this wrongful conviction was a title dispute in excess of $523,000.00, from civil case no: 2015-020223 and Judge Levy was well aware because she asked Cave early on why she thought she was the rightful owner. Cave's response was that she was the secured party creditor, holder of the note in due course and the only bonafide purchaser. There were numerous documents on the court records, in the fraudulent

foreclosure case to prove these claims of rightful ownership, and the title is immaterial under the Uniform Commercial Codes and the Florida Statutes.

**38.** Cave was in lawful possession as the secured party creditor with a receipt for acceptance from Bank of America. Prior to moving back in with notice Cave had found her statement from Bank of America reflecting a zero mortgage balance, with an escrow balance for taxes only.

**39.** Cave was falsely arrested by a process server with the aid of two locksmiths. On June 13th, 2018, Cave filed the order by Judge Lazarus issued on December 14th, 2017, that did have Cave's name on it, proving she could not possibly be trespassing and Cave was arrested later that evening. Judge Levy ignored Judge Lazarus' Order.

**40.** Judge Levy used a void writ of possession that did not bare' Cave's name from the circuit court civil division and presented to the jury on November 27th, 2018 and Judge Levy told the jury; " that it did not matter that Ms. Cave's name was not on it, it's a Judge's Order". It absolutely does matter because Cave was not a party to the Judgement that order was derived from other than the fact that Annette Cave

was indemnified as to any claims on the note and any other matters that arise out of the transaction. It's also in violation of her jurisdiction pursuant to F.S. 34.01 (c) .

**41.** Cave pointed indemnification clauses out to her private attorney who just shrugged his head, then withdrew for conflict of interest prior to the trial.

**42.** On November 27th, 2018, Judge Levy allowed fabricated evidence to be presented to bias a jury. And previously denied Cave's Motion to Suppress in violation of the 4th amendment.

**43.** Cave filed a Notice of Appeal on November 28th, 2018 and was told she had to go to the probation office. Cave did and was coerced into signing documents where three parties said it did not matter because the case was under appeal. Which turned out not to be the truth. Approximately a month later Cave filed an Affidavit of Revocation and Rescission for Good Cause and filed in the public records and served all the parties.  Judge Levy ignored the Revocation and Rescission and on January 4th, 2019, Judge Levy signed a warrant for Cave's arrest for violating probation and backdated by misusing her power of nunc pro tunc. That date coincided with the same date that the Bank of America Corporation was in default for failing to plead or otherwise defend, in a civil case also against Shapiro,

Fishman & Gache LLP., who then smeared the case with 165 pages of criminal documents.

**44.** Cave was arrested and held without bond again at the felony hearing on January 16th, 2019,  before Judge Lynch on Judge Levy's warrant. And at that same time frame the attorney hired by Shapiro, Fishman & Gache LLP., who was not even representing the Bank of America Corporation was supposed to respond by the middle of January in 2019, instead Cave was held for another 16 days without bond.

**45.** Cave appealed the case and three months shy of two years the same circuit affirmed without an opinion or did they address Judge Levy's lack of jurisdiction. The affirmation of any judges in the 17th circuit appellate division lacked jurisdiction as well pursuant to F.S. 26.012(1)(a). They also ruled after the Governor signed into law, Senate Bill 1392 into law which divests the circuit court of jurisdiction over appeals from the County Court.

**46.** The 6th amendment guarantees an impartial jury, if a jury has been biased it is no long impartial.

**47.** The 5th amendment guarantees that no one shall be deprived of life, liberty or property without due process of law. And in the takings clause of the 5th amendment which is applicable to the states, "nor shall private property be taken for public use, without just compensation. In the 14th amendment nor shall any state deprive any person of life, liberty or property without due process of law. Judge Levy knew the civil case was still open at the time of the first illegal arrest because it was filed in both cases on the same day Cave was arrested later that evening and left in jail without bond for 37 days, in order for Cave's property to be sold by the real trustee Shapiro, Fishman & Gache LLP.

**48.** The real party who is responsible for payment to Cave for the takings clause appears to believe that because of this fraudulent conviction they don't have to pay just compensation and more ironic is that Cave believes them to be the alias criminal appellee.

**49.** In this misdemeanor case, when Judge Levy allowed fabricated evidence to be shown to a jury, they did not win, they cheated. Eric Swenson admitted on the stand he was not dressed in uniform.

**50.** Then when proof of cheating is submitted to the court and they do not correct and they know they are acting without jurisdiction from day one, they have not won. They have a void judgement.

**51.** The elements of criminal and civil fraud hinge on the willful acts of misrepresentation.

**52.** The due process clause in the 5th and 14th amendment requires a court of competent jurisdiction.

**53.** Cave alleges that not only did Judge Levy act without jurisdiction she conspired with the law offices of Shapiro, Fishman & Gache LLP.
In Cave's open complaint in the federal court as noted above, and although Shapiro, Fishman & Gache LLP., have not responded yet, another attorney did on behalf of her client and duly noted if the case resulted in a conviction then some of the counts in the complaint would not be valid.

**54.** There is a Judgement for Acquittal filed in the case since 12/2/2019. In the event the matter is not settled Cave reserves the right to amend for compensatory damages in the same amount of $523,000.00 for unconstitutional taking pursuant to the takings clause in the 5th amendment of U.S. Constitution. The good news is that Judge Levy amongst others are held harmless and indemnified under the judgement.

## IV.   REGARDING HONORABLE JUDGE MICHAEL J. LYNCH

**55.** Cave attended over 50 hearings between Judge Lynch and Judge Levy and has been placed in Double Jeopardy once again after the 11th circuit court of appeals

affirmed Judge Ruiz remand order. Over 200 pages of documents were removed, deleted or destroyed from the lower federal court which were in Cave's favor. At the last hearing earlier this year Judge Lynch allowed Cave to remove the case once again for the third time. The reasons were based on the more recent hearings and fundamental issues presented from October 2019 until February of 2020. These fundamental issues violate Cave's constitutionally protected rights in the 5th, 6th and 14th amendments of the United States Constitution.

56. Judge Lynch claimed he had general jurisdiction based on the fact that the State filed charges that exceed a year in jail. But the documents these alleged charges are filed on are legally insufficient and in violation of the Florida Statutes.
Even though Judge Lynch may have general jurisdiction, Cave alleged that he lacks subject matter jurisdiction.

57. Both the state and the Judge have refused to state to Cave who her accusers were from day one and even upon notice and demand per Florida Constitution. This violates Cave's rights in the 6th amendment of the U.S. Constitution.

58. Procedural due process has been violated by Judge Lynch ordering a competency test to stand trial prior to an arraignment and even prior to the allegedly waived arraignment, which was seven months after the arrest and not legally possible because Cave did not meet her attorney prior to his alleged waiver.

59. These charges also stem from the same void order issued by Judge Lazarus in fraudulent foreclosure judgment. The judgement was not attached to the subject

property as a matter of law as previously addressed. Regardless, Cave was the secured party creditor in lawful possession who had perfected her security interests.

**60.** The 5th and 14th amendment states you can not take life, liberty or property without due process of law. The date of the arrest in this case is unconstitutional, as previously stated due to Judge Lazarus' order and amongst other reasons already stated on the records.

**61.** Cave is illegally being prosecuted by these debt collectors on debt previously incurred in the name of the State of Florida on a fraudulently procured judgement. Even if the court refused to tell Cave who her accuser is, the records released over a year later show the listing agent signed paperwork with Bso and the City of Wilton Manors and he is the agent for Shaprio, Fishman & Gache LLP.

**62.** All the Judges named herein and the state prosecutor, the City of Wilton Manors, BSO, and any other third parties are all indemnified in the Judgement itself along with Cave and this fact was brought up and is on the records, unless someone tampered with or deleted.

**63.** The judgement itself violates the equal protection clause because its one sided and it is only protecting people who are operating under the color of law and therefore its unconscionable and should be declared void as a matter of law.

**64.** Therefore, this case is a civil matter and not a criminal matter which leaves the subject matter outside the scope of Judge Lynch's criminal jurisdiction, along with the fact it violates fundamental fairness and substantive due process.

**65.** Cave states for the record; that she personally respects and likes Judge Lynch and he did give the appearance of trying to be fair to her and he did not ever want Cave to enter into a fraudulently procured contract with the State disguised as a plea bargain, when that was brought up before the court.

**66.** This prosecution is a fruitless and unconstitutional harassment and Judge Lynch has failed to dismiss this case numerous times and as stated above the third removal failed. Although Judge Lynch released Cave from probation after the second remand in September of 2019, these open charges show on background checks and have severely affected Cave's personal dignity and her liberties of where she can live or work. Harassment under the color of law violates the equal protection clause in the 14th amendment and is discriminatory by its very nature, regardless of race, color, creed or national origin.

## FIRST CAUSE OF ACTION
### FAILURE TO INTERVENE; 42 U.S. Code § 1983
**This First Cause of Action is against Defendant, Honorable Chief Judge Jack Tuter for Failure to Intervene**

**67.** Plaintiff incorporates paragraphs 1-66 as if fully restated herein and more particularly described in Section I, paragraphs 29-33, regarding this count.

**68.** It is the Chief Judge Jack Tuter duty and responsibility for the efficient and proper administration of the circuit and county court in the 17th circuit. Allowing the criminal jurisdiction to be used to enforce void and fraudulent orders is neither efficient or proper.

**69.** Plaintiff seeks injunctive relief to insure that there is an order to void and vacate that which is a fraud from its inception, the Judgement entered on the 28th day of September 2016. And to insure these fictitious criminal charges are expediently removed from the State of Florida Public Records.

**SECOND CAUSE OF ACTION**
**RIGHT TO DUE PROCESS OF LAW; 42 U.S. Code § 1983**
**FIFTH AND FOURTEENTH AMENDMENTS**
**and Article 1, section 9 and 21 of the Florida Constitution.**
**Against Defendant Honorable Judge Barry Stone**

**70.** Plaintiff incorporates paragraph 1-66 as if fully restated herein and more particularly described in Section II paragraphs 34-36.

**71.** Judge Stone's order that has been used to block Cave from seeking relief is repugnant to the U.S. Constitution and void. Even if Judge Stone were to allege that Cave would have to have a lawyer, that is deception. The record shows

Shapiro, Fishman & Gache LLP., threaten sanctions on Cave's last lawyer. Cave called at least 50 attorneys in the State of Florida and every one had an excuse, mostly conflict of interest, or not their scope of law. There was only one lawyer that would take the case but he wanted a $250,000.00 non refundable retainer fee. Cave is entitled to due process and the equal protection of the law.

72.  U.S. Bank National Association as Trustee for the Holder of the Banc of America Funding Corporation 2008-FT1 Mortgage Pass-through Certificates Series Ft-1 2008, lack standing to foreclose, also no bond was posted or did any officer sign any affidavit alleging they owned a note or even a lost note. Therefore, they acted ultra vires.

73.  The **doctrine of ultra vires** applies to the memorandum of association of a company… Such activities are null and void and all **ultra vires** transactions can never be subsequently ratified or validated, not even by the consent of the shareholders.

74. Cave seeks an injunction to void and vacate every order issued by the Honorable Judge Barry Stone and the Final Consent Judgement, Fictitious Default Judgement and Void Writ of Possession issued by the Honorable Judge Joel T. Lazarus.

## THIRD CAUSE OF ACTION
## RIGHT TO DUE PROCESS OF LAW; 42 U.S. Code § 1983
## FIFTH, SIXTH AND FOURTEENTH AMENDMENTS
## and Article 1, sections 2, 9, 12 of the Florida Constitution.
## Against Defendant, Honorable Judge Jill K. Levy

**73.** This third cause of action is against the Honorable Judge Jill K. Levy.  Plaintiff

incorporates paragraphs 1- 66 as if fully restated herein and more particularly

described Section IV in paragraphs 37-54.

**74.** Plaintiff seeks injunctive relief for a Judgement of Acquittal and an order to

remove these fraudulent charges from the Florida Department of Law

Enforcement's Records.

## FOURTH CAUSE OF ACTION
## 42 U.S. Code § 1983 - Conspiracy to Deprive

**75.**   This Fourth cause of action is against the Honorable Judge Jill K. Levy, for
Conspiracy to Deprive.

**76.** Plaintiff incorporates paragraphs 1- 66 as if fully restated herein and more
particularly described in Section IV paragraphs 37-54.

**77.** This count is written to reserve all rights in the event Cave is not justly

compensated pursuant to 5th amendment's takings clause, for the unlawful and

unconstitutional taking of her property due to Judge Levy's wrongful actions. In the event this matter is settled then this fourth cause of action is moot.


### FIFTH CAUSE OF ACTION
### RIGHT TO DUE PROCESS OF LAW; 42 U.S. Code § 1983
### FIFTH, SIXTH AND FOURTEENTH AMENDMENTS
### and Article 1, sections 1, 9, & 15  of the Florida Constitution.
### Against Honorable Judge Michael J. Lynch


**78.** Plaintiff incorporates paragraphs 1-66 as if fully restated herein and more particularly described in Section V paragraphs 55-66 and for the reasons stated therein.

**79.** Cave seeks an injunction for a dismissal of the felony case no: 18000174CF10A and an order to remove from the public records in the State of Florida. In the event that the City of Wilton Manors files the proper paperwork with the Florida Department of Law Enforcement pursuant to the F.S. 943.0581 prior, then this fifth cause of action is moot.


### Prayer

**WHEREFORE,** Plaintiff Annette Cave prays the Honorable Court will grant this injunctive relief as stated and any other relief this court deems just and proper.

## VERIFICATION

I, Annette Cave, a natural person who under the penalties of perjury is a pro se
Plaintiff and has written and reviewed the complaint. The Plaintiff knows that all
allegations that the Plaintiff has personal knowledge of to be true. The Plaintiff
believes the allegations that the Plaintiff does not have personal knowledge of to be
true based on specific information, documents or both.

*Annette Cave 9/25/20*

Respectfully Submitted by: Annette Cave

Mail address of record is 123 NE 29th St

Wilton Manors, Florida 33334

Tel.  (954) 551-1166

Designated email: divinewillpublishing@gmail.com

Due to coronavirus use email or P.O. Box ___235___

*1121 S. Military Trail #235*

*Deerfield Bch, FL 33442*